THE HONORABLE THOMAS S. ZILLY

U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MOUNTAIN HI, LLC, a Washington Limited Liability Company, on behalf of itself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>LINDE GAS & EQUIPMENT INC. d/b/a PRAXAIR DISTRIBUTION, INC., a Delaware corporation,<br><br>Defendant. | NO. 2:22-cv-01432-TSZ<br><br>**FIRST AMENDED CLASS ACTION COMPLAINT** |

Plaintiff Mountain Hi, LLC ("Mountain Hi" or "Plaintiff"), on behalf of itself and all others similarly situated, alleges the following against Defendant Linde Gas Equipment Inc. d/b/a Praxair Distribution, Inc. ("Linde" or "Defendant"). Plaintiff's allegations are based upon personal knowledge as to its own acts and experiences in this matter, the investigation of counsel, and upon information and belief as to all other matters.

## I. INTRODUCTION

1. This action challenges Defendant's unfair and deceptive business practices in relation to the sale of instrument-grade butane gas containing impermissibly high amounts of

FIRST AMENDED CLASS ACTION COMPLAINT - 1
Case No. 2:22-cv-01432-TSZ

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1  benzene, a harmful chemical used in the production of the butane gas Defendant sells and supplies. Defendant sells and supplies instrument-grade butane gas to Plaintiff and other businesses that use the gas in the processing of cannabis.

2. Plaintiff, on behalf of itself and the Class set forth below, seeks to recover damages and obtain injunctive relief under the Washington Consumer Protection Act (CPA) to remedy Defendant's unfair and deceptive business practices and violations of law.

## II. JURISDICTION AND VENUE

3. Defendant is within the jurisdiction of this Court. Defendant sold products to Plaintiff and other businesses from its offices located in Washington and delivered products to Plaintiff and other businesses in Washington.

4. This lawsuit was originally filed on September 1, 2022, in the Washington State Superior Court in and for King County. On October 11, 2022, Defendant removed the case to this Court, alleging jurisdiction based on diversity of citizenship. (Dkt. 1, Defendant's Notice of Removal, ¶ 22).

5. In its removal notice, Defendant alleges that venue is proper in this Court. (Dkt. 1, Defendant's Notice of Removal, ¶ 28). Many of the acts forming the basis of Plaintiff's allegations occurred in this district, including Defendant's deliveries of instrument-grade butane gas contaminated with benzene to Plaintiff, Plaintiff's use of the gas to process cannabis, and the resulting harm to the cannabis products as alleged in this complaint. Therefore, venue is proper in this district.

## III. PARTIES

6. Plaintiff Mountain Hi, LLC is a producer and processor of cannabis products that operates as a Washington limited liability company with its principal place of business at 19417 63rd Avenue NE, Arlington, Washington.

7. Defendant Linde Gas & Equipment Inc. d/b/a Praxair Distribution, Inc. is a Delaware corporation headquartered in Danbury, Connecticut and does business in King

FIRST AMENDED CLASS ACTION COMPLAINT - 2
Case No. 2:22-cv-01432-TSZ

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

County, Washington. Linde is a one of the world's largest distributors of gas for welding, industrial, medical, and specialty applications.

## IV.  SERVICE ON ATTORNEY GENERAL

8. Counsel for Plaintiff caused a copy of the initial pleading and this First Amended Complaint in this case to be served on the Attorney General of Washington in accordance with RCW 19.86.095.

## V.  FACTUAL ALLEGATIONS

**Defendant's Sale and Supply of Butane**

9. Defendant sold instrument-grade butane gas to Plaintiff and other businesses in Washington for cannabis processing.

10. Instrument-grade butane is also supposed to be free of anything heavier than pentane, which has five carbon atoms in its molecules.

11. Benzene has six carbon atoms in its molecules.

12. Benzene is a known carcinogen that has recently appeared in recalls of aerosols nationwide and discovered in numerous cannabis products in Washington.

13. Defendant was knowledgeable about the business of Plaintiff and similarly situated entities and the requirement of instrument-grade butane gas for cannabis processing.

14. Defendant knew or had reason to know that the cannabis products of Plaintiff and similarly situated entities would be distributed and sold to consumers in Washington.

15. Defendant purchases instrument-grade butane gas from unknown manufacturers or suppliers that operate in the stream of commerce.

16. Defendant then brands and markets the instrument-grade butane gas it sells and supplies under the trade or brand name Praxair.

17. Plaintiff and similarly situated businesses use instrument-grade butane gas as a solvent to process cannabis products designed for recreational use, products that are distributed and sold in the stream of commerce to citizens of Washington.

FIRST AMENDED CLASS ACTION COMPLAINT - 3
Case No. 2:22-cv-01432-TSZ

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

**Defendant's Deliveries to Mountain Hi of Instrument-Grade Butane Gas**

18. Defendant delivered instrument-grade butane gas to Plaintiff starting on or about June 30, 2021.

19. On June 30, 2021, Defendant delivered two 80-gallon tanks of instrument-grade butane gas to Plaintiff's facility located in Arlington, WA.

20. Defendant made subsequent deliveries of instrument-grade butane gas to Plaintiff Mountain Hi on the following dates: July 6, 2021 (5 tanks); July 15, 2021 (9 tanks); August 2, 2021 (6 tanks); August 11, 2021 (10 tanks); August 25 (3 tanks); and September 1, 2021 (8 tanks).

21. Plaintiff used the butane gas delivered by Defendant in its processing of cannabis.

22. Each of Defendant's deliveries of instrument-grade butane gas was used by Plaintiff in the processing of cannabis over the subsequent 2-3 weeks.

**Testing of Plaintiff Mountain Hi's Cannabis Products**

23. Washington mandates that Plaintiff and similarly situated businesses test samples of all its cannabis products before those products are distributed and sold to consumers in the marketplace. WAC 314-55-109.

24. Washington regulations provide that cannabis products such as those distributed and sold by Plaintiff and similarly situated businesses must contain less than 2 ppm of benzene. WAC 314-55-109(4)(b)(iv).

25. Washington regulations require Plaintiff and similarly situated businesses to submit samples of all their cannabis products to a testing company before those products are distributed and sold to consumers. WAC 314-55-102 *et seq.*

26. In August and September 2021, Plaintiff Mountain Hi utilized Confidence Analytics to perform the required products testing. Confidence Analytics is a certified cannabis analytics and research company located in Redmond, Washington.

FIRST AMENDED CLASS ACTION COMPLAINT - 4
Case No. 2:22-cv-01432-TSZ

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

27. Generally, once instrument-grade butane gas is used in the processing of cannabis, it takes 2-6 weeks for the resulting product to be ready to submit for testing.

28. Once it receives samples for testing, Confidence Analytics generally takes 2-5 business days to provide results.

29. Confidence Analytics tests for the presence of chemicals and residual solvents in the cannabis products to make sure the products meet Washington standards for acceptable amounts of the chemicals and residual solvents.

30. Benzene is one of the chemicals tested for by Confidence Analytics.

31. As required by Washington law, Mountain Hi submits samples of all cannabis products it processes to its outside third-party independent testing agency, Confidence Analytics.

32. Beginning on September 1, 2021, Confidence Analytics testing revealed the existence of higher than acceptable concentrations of benzene in cannabis various products that Mountain Hi submitted. (See attached Exhibit A, Confidence Analytics Certificates of Analysis).

33. As an example, Plaintiff submitted a sample of the Paradise Circus cannabis product to Confidence Analytics on August 30, 2021.

34. Confidence analytics tested the Paradise Circus sample on September 1, 2021. This test found the presence of benzene at 4.7 ppm, which exceeded the required acceptable amount of 2.0 ppm.

35. Confidence Analytics did not identify the source of the benzene.

36. Plaintiff did not know the cause of the unacceptable concentrations of benzene in the cannabis products.

37. Plaintiff decided to confirm the accuracy of the Confidence Analytics results by submitting samples of the cannabis products to another third-party independent testing agency, Testing Technologies, Inc., located in Poulsbo, WA.

FIRST AMENDED CLASS ACTION COMPLAINT - 5
Case No. 2:22-cv-01432-TSZ

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

38. On September 10, 2021, Plaintiff sent a sample of the cannabis product Triple Chocolate Chip to Testing Technologies, Inc. (See attached Exhibit B.)

39. Testing Technologies conducted testing on the Triple Chocolate Chip product that showed 3.1 ppm of benzene, which exceeded the acceptable limit of 2.0 ppm.

40. Plaintiff then sent 18 other cannabis products to Testing Technologies for product testing.

41. The test results for all 18 of these products showed excessive amounts of benzene in the cannabis products. (See attached Exhibit C.)

42. After receiving these test results, Plaintiff submitted samples of Defendant's instrument-grade butane gas to Confidence Analytics for testing.

43. Confidence Analytics received the sample of Defendant's instrument-grade butane gas on September 16, 2021, and performed testing the same day.

44. Confidence Analytics' testing of Defendant's instrument-grade butane gas found benzene at a concentration of 130 ppm. (See attached Exhibit D.)

45. Instrument-grade butane gas is supposed to be completely devoid of benzene.

46. September 16, 2021, was the first time Plaintiff learned that Defendant's instrument-grade butane gas contained unacceptable levels of benzene.

**Defendant's Contaminated Instrument-Grade Butane Gas**

47. Defendant's delivery of instrument-grade butane gas to Mountain Hi beginning on August 11, 2021, and continuing up to and including September 1, 2021, contained unacceptable levels of benzene, a known cancer-causing chemical product.

48. The instrument-grade butane gas Defendant delivered to Plaintiff and similarly situated businesses contained unacceptable levels of benzene and thus did not meet the standard for instrument-grade butane gas.

49. As a direct result of Defendant having sold and supplied instrument-grade butane gas contaminated with benzene, the cannabis products Plaintiff and similarly situated

FIRST AMENDED CLASS ACTION COMPLAINT - 6
Case No. 2:22-cv-01432-TSZ

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

businesses processed were also contaminated with benzene that exceeded the amounts permitted by Washington law.

50. As a direct result of Defendant having failed to disclose the presence of benzene in its instrument-grade butane gas, the cannabis products Plaintiff and similarly situated businesses processed were unknowingly contaminated with benzene that exceeded the amounts permitted by Washington law.

51. As a direct result of Defendant having sold and supplied instrument-grade butane gas contaminated with benzene and having failed to disclose the presence of benzene in that gas, Plaintiff and similarly situated businesses suffered damages.

52. As a result of Defendant's unlawful practices, scores if not hundreds of cannabis processing businesses in Washington have been harmed in ways similar to the harms suffered by Plaintiff.

## VI. CLASS ALLEGATIONS

53. <u>Class Definition</u>. Pursuant to Federal Rule of Civil Procedure 23, Plaintiff brings this lawsuit as a class action on behalf of the following Class:

> All cannabis businesses operating in Washington that at any time since September 1, 2018, received instrument-grade butane gas contaminated with benzene from Defendant and, after using that gas in the processing of cannabis, had products that contained benzene at greater than two parts per million.

Excluded from the proposed Class are Defendant; any affiliate, parent, or subsidiary of Defendant; any entity in which a Defendant has a controlling interest; any officer, director, or employee of Defendant; any successor or assign of either Defendant; anyone employed by counsel in this action; and any judge to whom this case is assigned, his or her spouse, or members of the judge's staff.

54. <u>Numerosity</u>. The Class is so numerous that joinder of all members of the Class is impracticable. There are scores if not hundreds of cannabis processing businesses in

FIRST AMENDED CLASS ACTION COMPLAINT - 7
Case No. 2:22-cv-01432-TSZ

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

Washington that Defendant has sold and supplied with instrument-grade butane gas contaminated with benzene.

55. <u>Commonality</u>. There exist questions of law and fact common to Plaintiff and the proposed Class, including but not limited to:

    a. Whether Defendant has sold and supplied instrument-grade butane gas contaminated with benzene;

    b. Whether Defendant has failed to disclose the presence of benzene in its instrument-grade butane gas;

    c. Whether Defendant's acts and practices are unfair under the CPA;

    d. Whether Defendant's acts and practices are deceptive under the CPA;

    e. Whether Defendant's unfair or deceptive acts or practices occur in trade or commerce;

    f. Whether Defendant's unfair or deceptive acts or practices affect the public interest;

    g. Whether Defendant's unfair or deceptive acts or practices caused injury to the business or property of Plaintiff and Class members;

    h. The nature and extent of Class-wide injury and the measure of compensation for such injury; and

    i. The nature and extent of appropriate injunctive relief.

56. <u>Typicality</u>. Plaintiff's claims are typical of the claims of the Class. They arise out of the same common course of conduct by Defendant and are based on the same legal and remedial theories. Defendant unlawfully sold and supplied instrument-grade butane gas contaminated with benzene to all Class members.

57. <u>Adequacy of Representation</u>. Plaintiff is an appropriate representative party for the Class and will fairly and adequately protect the interests of the Class. Plaintiff understands and is willing to undertake the responsibilities of acting in a representative capacity on behalf of

FIRST AMENDED CLASS ACTION COMPLAINT - 8
Case No. 2:22-cv-01432-TSZ

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

the proposed Class and has no interests that directly conflict with the interests of the Class. Plaintiff has retained competent and capable attorneys who are experienced trial lawyers with significant experience in complex and class action litigation, including consumer class actions. Plaintiff and its counsel are committed to prosecuting this action vigorously on behalf of the Class and have the financial resources to do so.

58. <u>Predominance</u>. Defendant has engaged in a practice of selling and supplying instrument-grade butane gas contaminated with benzene to cannabis producers. Defendant has also engaged in a practice of failing to disclose the presence of benzene in its butane gas. These practices have similarly impacted all members of the Class. Because Defendant's liability hinges on the legality of these practices, the common issues arising from this conduct predominate over any individual issues. Adjudication of these common issues in a single action has important and desirable advantages of judicial economy.

59. <u>Superiority</u>. Plaintiff and members of the Class have suffered harm and damages as a result of Defendant's unlawful and wrongful conduct. Absent a class action, however, most Class members likely would find the cost of litigating their claims prohibitive. Class treatment is superior to multiple individual suits or piecemeal litigation because it conserves judicial resources, promotes consistency and efficiency of adjudication, provides a forum for claimants, and deters illegal activities. There will be no significant difficulty in the management of this case as a class action.

60. <u>Injunctive Relief</u>. Defendant's conduct is uniform toward all members of the Class. Defendant has acted or refused to act on grounds that apply generally to the Class, so that final injunctive relief or declaratory relief is appropriate with respect to the Class as a whole.

FIRST AMENDED CLASS ACTION COMPLAINT - 9
Case No. 2:22-cv-01432-TSZ

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

## VII.  CAUSES OF ACTION

### FIRST CAUSE OF ACTION
**VIOLATION OF THE WASHINGTON CONSUMER PROTECTION ACT, RCW 19.86 ET SEQ.—UNFAIR BUSINESS PRACTICES**

61. Plaintiff re-allege and incorporate the preceding paragraphs as if fully set forth herein.

62. Plaintiff and Class members are "persons" within the meaning of the Washington Consumer Protection Act, RCW 19.86.010(1).

63. Defendant is a "person" within the meaning of the Washington Consumer Protection Act, RCW 19.86.010(1).

64. Defendant conducts "trade" and "commerce" within the meaning of the Washington Consumer Protection Act, RCW 19.86.010(2).

65. The conduct described above and throughout this complaint is unfair within the meaning of the Washington Consumer Protection Act, RCW 19.86.010, et seq.

66. Defendant has engaged in unfair acts or practices in the conduct of its business by engaging in a pattern or practice of selling and supplying instrument-grade butane gas that is contaminated with benzene.

67. Defendant has further engaged in unfair acts or practices by failing to disclose to Plaintiff and Class members that Defendant's instrument-grade butane gas is contaminated with benzene.

68. Defendant's common course of conduct is unfair because Defendant's acts or practices: (1) have caused substantial financial injury to Plaintiff and Class members; (2) are not outweighed by any countervailing benefits to consumers or competitors; and (3) are not reasonably avoidable by consumers.

69. Defendant's common course of selling and supplying instrument-grade butane gas contaminated with benzene is illegal, immoral, unethical, and unscrupulous.

FIRST AMENDED CLASS ACTION COMPLAINT - 10
Case No. 2:22-cv-01432-TSZ

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

70. Defendant's unfair acts or practices impact the public interest because they have injured Plaintiff and scores if not hundreds of other cannabis businesses operating in Washington and have the capacity to injure more.

71. As a direct and proximate result of Defendant's unfair acts or practices, Plaintiff and Class members suffered injury in fact to their business or property.

72. Plaintiff and Class members are therefore entitled to legal relief against Defendant, including recovery of actual damages, treble damages, attorneys' fees, costs of suit, and such further relief as the Court may deem proper.

73. Plaintiff and Class members are also entitled to injunctive relief in the form of an order prohibiting Defendant from engaging in the alleged misconduct and such other equitable relief as the Court deems appropriate.

## SECOND CAUSE OF ACTION
### VIOLATION OF THE WASHINGTON CONSUMER PROTECTION ACT, RCW 19.86 ET SEQ.—DECEPTIVE BUSINESS PRACTICES

74. Plaintiff re-alleges and incorporates the preceding paragraphs as if fully set forth herein.

75. Plaintiff and Class members are "persons" within the meaning of the Washington Consumer Protection Act, RCW 19.86.010(1).

76. Defendant is a "person" within the meaning of the Washington Consumer Protection Act, RCW 19.86.010(1).

77. Defendant conducts "trade" and "commerce" within the meaning of the Washington Consumer Protection Act, RCW 19.86.010(2).

78. The conduct described above and throughout this complaint is deceptive within the meaning of the Washington Consumer Protection Act, RCW 19.86.010 *et seq*.

79. Defendant has engaged in deceptive acts or practices in the conduct of its business by selling and supplying cannabis processors with instrument-grade butane gas contaminated with benzene.

FIRST AMENDED CLASS ACTION COMPLAINT - 11
Case No. 2:22-cv-01432-TSZ

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

80. Defendant has further engaged in deceptive acts or practices by failing to disclose to Plaintiff and Class members that its instrument-grade butane gas is contaminated with benzene.

81. Defendant's common course of conduct is deceptive because Defendant's acts or practices are capable of deceiving a substantial portion of the public.

82. Defendant's deceptive acts or practices impact the public interest because they have injured Plaintiff and scores if not hundreds of cannabis businesses operating in Washington and have the capacity to injure more.

83. As a direct and proximate result of Defendant's deceptive acts or practices, Plaintiff and Class members suffered injury in fact to their business or property.

84. Plaintiff and Class members are therefore entitled to legal relief against Defendant, including recovery of actual damages, treble damages, attorneys' fees, costs of suit, and such further relief as the Court may deem proper.

85. Plaintiff and Class members are also entitled to injunctive relief in the form of an order prohibiting Defendant from engaging in the alleged misconduct and such other equitable relief as the Court deems appropriate.

## VII.   PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that the proposed Class be certified under Federal Rule of Civil Procedure 23 and judgment be entered against Defendant:

A. For injunctive and declaratory relief:

   1. Declaring Defendant's unfair and deceptive acts and practices described in this complaint to be unlawful, and

   2. Prohibiting Defendant from selling instrument-grade butane gas that is contaminated with benzene;

B. For an award to Plaintiff and Class members of actual damages;

C. For an award to Plaintiff and Class members of exemplary damages;

FIRST AMENDED CLASS ACTION COMPLAINT - 12
Case No. 2:22-cv-01432-TSZ

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1  D. For an award to Plaintiff's counsel of costs and attorneys' fees; and

2  E. For such other and further relief as may be just and equitable.

4  RESPECTFULLY SUBMITTED AND DATED this 15th day of March, 2023.

TERRELL MARSHALL LAW GROUP PLLC

By: /s/ Toby J. Marshall, WSBA #32726
Toby J. Marshall, WSBA #32726
Email: tmarshall@terrellmarshall.com
Elizabeth A. Adams, WSBA #49715
Email: eadams@terrellmarshall.com
Keith L. Gibson, *Admitted Pro Hac Vice*
Email: kgibson@terrellmarshall.com
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
Telephone: (206) 816-6603
Facsimile: (206) 319-5450

*Attorneys for Plaintiff and the Proposed Class*

FIRST AMENDED CLASS ACTION COMPLAINT - 13
Case No. 2:22-cv-01432-TSZ

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com